UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARRY W. INMAN,

                              Plaintiff,

          v.                                           3:07-cv-0570

BRIAN FISCHER, Commissioner, New York
State Department of Correctional Services,
and GEORGE B. ALEXANDER, Chairman,
New York State Division of Parole, in their
official capacities,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Plaintiff Barry Inman commenced the instant action pursuant to 42 U.S.C. § 1983 seeking a declaratory judgment that the administrative imposition of post-release supervision is a nullity and seeking an injunction "directing defendants to remove the parole violation warrant filed at the Broome County Jail which is the basis for the plaintiff's incarceration, and directing that he be released forthwith."  Compl. at ¶ 48.  Plaintiff claims that his current incarceration is illegal because it is the consequence of an administratively imposed period of post-release supervision that was not imposed by the sentencing court.  Currently before the Court is Plaintiff's motion, brought by order to show cause, seeking his immediate release from prison.

**I.    FACTS**

On September 22, 1998, Plaintiff was arrested for armed robbery. Ultimately, he pleaded guilty and was sentenced to a determinate period of eight years of incarceration. Plaintiff was not advised prior to pleading guilty that he would be subjected to a period of post-release supervision. Notwithstanding a state law requiring the imposition of a period of post-release supervision, see N.Y. Penal Law § 70.45, the state court did not impose any period of post-release supervision.

On July 26, 2005, with approximately 15 months remaining on his sentence, Plaintiff was released on parole and required to participate in a period of parole supervision of five years. In August 2005, Plaintiff violated the terms of his parole and, consequently, was returned to prison for an additional 18 months. Plaintiff was released on parole for a second time on February 16, 2007. Plaintiff's parole was again revoked on May 24, 2007. Plaintiff is currently incarcerated pursuant to a parole violation warrant.

**II.    DISCUSSION**

Plaintiff contends that his current incarceration is illegal because it is the result of an administratively imposed term of post-release supervision. It is Plaintiff's position that, regardless of any parole violations, he may not legally be detained beyond September 18, 2006, the date on which his eight year sentence would have been completed.

While there may be some basis to Plaintiff's legal arguments and Plaintiff may, in fact, be subject to unlawful incarceration, see Earley v. Murray, 451 F.3d 71 (2d Cir. 2006); People v. Catu, 4 N.Y.3d 242 (2005), an action pursuant to 42 U.S.C. § 1983 is not available to provide the remedies Plaintiff seeks. Plaintiff seeks a declaration that the five year period of supervised release is a nullity and an injunction releasing him from prison immediately.

The Supreme Court has held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed.2d 439 (1973); see Peralta v. Vasquez, 467 F.3d 98, 104 (2d Cir. 2006) (Stating that prisoners may not use "§ 1983 to vitiate collaterally a judicial or administrative decision that affected the overall length of their confinement. . . . [P]unishments related to their term of imprisonment, or the procedures that led to them (if the procedural defect at issue was critical to the imposition of the punishment), must be attacked through a habeas petition."); see also Murphy v. Travis, 36 Fed. Appx. 679 (2d Cir. 2002).  Indeed, as Plaintiff acknowledges, the very cases upon which he relies were petitions for a writ of habeas corpus.  See Earley 451 F.3d 71; People v. Catu, 4 N.Y.3d 242 (2005).  While one state court has permitted such an action to proceed pursuant to N.Y.C.P.L.R. Art. 78, Article 78 does not provide a basis for federal jurisdiction.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's motion brought by order to show cause for injunctive and declaratory relief is DENIED and the Complaint brought pursuant to 42 U.S.C. § 1983 is *sua sponte* DISMISSED for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

Dated: May 30, 2007

Thomas J. McAvoy
Senior, U.S. District Judge